# Gantz *v.* Kintzing, Appellant.

*Contract—Evidence—Credibility of witness.*

In an action on a contract where the testimony of the plaintiff is directly contradicted by the testimony of the defendant on the material issue in the case, but twelve witnesses who knew the defendant testify that they would not believe him on oath, a judgment on a verdict for plaintiff will be sustained.

Argued May 15, 1905. Appeal, No. 138, Jan. T., 1905, by defendant, from judgment of C. P. York Co., Jan. T., 1904, No. 77, on verdict for plaintiff in case of George M. Gantz v. W. F. Kintzing. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Assumpsit on a contract.

Verdict and judgment for plaintiff for $7,778.

On a motion for a new trial STEWART, J., filed the following opinion :

This rule will have to be discharged and there is very little that can be profitably said on the subject. The contract between the plaintiff and the defendant was a verbal one. There were certain negotiations leading up to the meeting between them to go to Hanover. They did go there, however, and had a meeting with some people whom the plaintiff had interested in the starting of a company for the manufacture of wire cloth. The result was not an agreement with the Hanover people, and for the time being was unsuccessful. Nevertheless, the plaintiff testified that the defendant agreed that, if he should make a sale of wire cloth machinery to the Hanover people, the plaintiff should have one-half of the profits on the sale, and he did within a few days thereafter make such contract.

This was purely a question of fact and had to be found by the jury, if found at all, upon the testimony of the plaintiff. It was denied by the defendant, but twelve witnesses were called who knew the defendant and each of them testified that he would not believe the defendant on oath.

The jury evidently disbelieved the defendant. This eliminated all testimony in his behalf from the case. So that if the jury believed the plaintiff's testimony they could not do otherwise than find for him, and I am not inclined to disturb their finding.

As to the question of damages, the plaintiff only recovered what he claimed, although there was evidence upon which if he had claimed more he would have recovered more. He claimed to be entitled to one-half and the evidence showed that the profits were much larger than he supposed. In view of this, I do not see that the damages were excessive or should be reduced.

The case was not an ordinary case of brokerage, and, therefore, the rules applicable to that class of cases do not apply.

The rule for a new trial is discharged and judgment is directed to be entered on the verdict upon payment of the jury fee.

*Error assigned* among others was in refusing binding instructions for defendant.

*Nevin M. Wanner*, for appellant.

*Henry C. Niles*, with him *George E. Neff*, for appellee.

PER CURIAM, June 22, 1905 :

This judgment is affirmed on the opinion of the court below, refusing a new trial.